## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRAHEEM LEWIS** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **JEROME WALSH, et al.** | : | **NO. 14-01908** |

### MEMORANDUM

**RICHARD A. LLORET**                                                                                                   **May 13, 2015**
**U.S. Magistrate Judge**

      Braheem Lewis ("Petitioner") filed a Motion to Amend and Correct his Habeas Petition on April 6, 2015. *See* Motion to Amend Petition for Writ of Habeas Corpus ["Motion to Amend"], Doc. No. 28. He seeks to amend his habeas petition to incorporate a thirteenth ground for relief, notably that he was denied due process due to a trial court sentencing error in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000) that his counsel at the time should have raised on appeal. *Id.* As *Apprendi* was decided in the midst of his petition for allocatur, his attorney at the time "could have filed a motion to supplement the allocatur petition in light of *Apprendi*, and had [his] counsel] done so, the chances are very good that either the Pennsylvania Supreme Court would have granted allowance of appeal or at the very least remanded to the Superior Court for consideration of the *Apprendi* issue." *See id.* at 2.

      The Commonwealth filed a motion in opposition to the motion to amend on April 13, 2015. *See* Response Opposing Motion to Amend ["Com. Resp."], Doc. No. 29. The Commonwealth argues that the federal habeas statute of limitations has run and "new claims may not be added to habeas petitions which were timely when filed." *See* Com.

1

Resp. at 1 (citations omitted). Petitioner replied to the opposition of the motion to amend by noting that his proposed amendment "specifically incorporated the fully developed argument with respect to actual innocence which is contained in Part IV(L), pp. 40-45 of his contemporaneously submitted Reply to the Petition." *See* Petitioner's Reply to the Response Opposing Motion to Amend, Doc. No. 30, at 1.

    Cited with approval by the Commonwealth and instructive in resolving this dispute is *Mayle v. Felix*, 545 U.S. 644 (2005). *Mayle* permits amendments to habeas petitions "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." *Id.* at 657. Here, the proposed Ground M argues that the trial court erred in imposing an enhanced sentence of 20-40 years for attempted murder while failing to make a specific filing at the time of the verdict that serious bodily injury resulted. *See* Motion to Amend at 1. That claim also argues that Petitioner's counsel "was seriously ineffective" in failing to raise that issue on appeal. *See id.* at 3.

Petitioner has implicated issues related to prior counsel ineffectiveness at the appellate level in Parts C and H of his petition and sentencing errors in Part I. *See* Memorandum in Support of Petition for Writ of Habeas Corpus, Doc. No. 13, at 27-31, 46-47. Though Petitioner failed to cite to the *Mayle* decision in making this request to me, I believe that these issues do "arise from the same core facts as the timely filed claims," which was the standard announced in that case. *See* 545 U.S. at 657.

**O R D E R**

Petitioner shall have **14 days** from the date of this order to file an amended habeas petition adding proposed Part M to his habeas petition. The Commonwealth shall have **21 days** from the date the amended habeas petition is filed to respond to the arguments in Part M.

        **BY THE COURT:**


        _s/Richard A. Lloret_____
        **RICHARD A. LLORET**
        **UNITED STATES MAGISTRATE JUDGE**